IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MONICA FERGUSON**,

        Plaintiff,　　　　　　　　　　　　　　　　　No. 3:20-cv-02273-MO

v.　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

**OREGON STATE BOARD OF NURSING**,

        Defendant.

**MOSMAN, J.**,

      Plaintiff Monica Ferguson brings this case against Defendant Oregon State Board of Nursing ("the Board"). Before me is the Board's Motion to Dismiss [ECF 17]. For the reasons explained below, I dismiss Ms. Ferguson's complaint [ECF 1]. Ms. Ferguson is given leave to amend her complaint in accordance with the rulings set forth in this opinion.

**LEGAL STANDARD**

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

1 – OPINION AND ORDER

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

This case stems from the Board's revocation of Ms. Ferguson's registered nurse license and nurse practitioner certificate. Compl. [ECF 1] at 2. In her 55-page complaint, Ms. Ferguson raises a variety of potential claims. For instance, she alleges "employment, discrimination, violation of due process, violation of civil liberties and civil rights, violation of Freedom of Information act, personal/property damage," Administrative Procedure Act violations, and equal protection violations. *Id.* at 1. She also mentions falsified documents, unlawful disclosure of medical and other confidential information, prejudice in prior administrative proceedings, and conspiracy, among other things. *Id.* at 6, 7, 9, 16. She seeks monetary and injunctive relief, including restoration of her nurse licenses, renewal of her Medicaid and Medicare providers contract, economic and non-economic damages, and reimbursement of litigation fees. *Id.* at 58.

Although the Board is the only Defendant that was served and therefore clearly subject to this suit, she names several other individual defendants and entities who allegedly harmed her. *See, e.g.*, *id.* at 25–27.

The Board moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the basis that (1) her state law claims fail as a matter of law because the Board is immune from suit, and, alternatively, Ms. Ferguson failed to provide the required tort claim notice; (2) her constitutional claims fail as a matter of law; and (3) Ms. Ferguson failed to allege sufficient facts otherwise entitling her to relief. Def.'s Mot. Dismiss [ECF 17] at 1–2. Alternatively, Defendants ask that Ms. Ferguson "make her claims more definite and certain." *Id.* at 15.

## I.     Challenges to Specific Claims

### A.     State Law Claims Against the Board and Other Officials

The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity, or the state has expressly consented. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); U.S. Const. amend XI. This immunity covers not only the state itself, but also agencies acting under the state's control. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Although the Oregon Tort Claims Act waives sovereign immunity, it does not waive Eleventh Amendment immunity. *See, e.g.*, *Battles v. Dep't of Corr.*, No. 2:19-CV-01727-AC, 2020 WL 5351656, at *4 (D. Or. July 7, 2020), *report and recommendation adopted*, 2020 WL 5351033 (D. Or. Sept. 4, 2020).

The Board is an Oregon state agency and immune from suit in federal court for violations of the Oregon Tort Claims Act. Accordingly, Ms. Ferguson's state law claims against the Board and any of its employees acting in their official capacity are dismissed with prejudice. To the

extent she brings any state law claims against individuals acting in their unofficial capacity, those claims are dismissed without prejudice; any amendment of such claims should clearly articulate compliance with the required tort claim notice.

### B.     Procedural Due Process Claim

Ms. Ferguson alleges a procedural due process violation stemming from the revocation of her nurse licenses. Compl. [ECF 1] at 11–15. There is no procedural due process violation, and thus no cause of action under section 1983, if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Board argues that Ms. Ferguson's procedural due process claim fails as a matter of law because the revocation of her nurse licenses was already followed by an adequate post-deprivation remedy.

Although the Board appears to be correct that Ms. Ferguson was afforded a post-deprivation remedy under the Oregon Administrative Procedures Act following the revocation of her licenses, including appeal through Oregon state courts, Ms. Ferguson appears to also challenge the constitutionality of those procedures. *See, e.g.*, Compl. [ECF 1] at 13 (asserting that Or. Rev. Stat. § 183.480, 183.417(3) "should be reviewed and void for vagueness."). Accordingly, I find Ms. Ferguson should be given an opportunity to amend her complaint to specifically allege why the post-revocation procedures are constitutionally inadequate. *See Corcoran v. Olson*, 102 Fed. App'x 522, 524 (9th Cir. 2004) (Dismissal with prejudice was appropriate where plaintiff "d[id] not allege that the Act itself fails to provide sufficient procedural due process," only that "the Board did not comply with the requirements of the Act.").

//

//

### C. Other Claims

Defendants also argue that Ms. Ferguson's equal protection, section 1983, and Freedom of Information Act claims should be dismissed because they fail to state a claim. I agree and dismiss those claims without prejudice. If Ms. Ferguson chooses to pursue those claims in her amended complaint, she must follow the pleading guidelines outlined in this opinion.

## II. Instructions for Amendment

As to Ms. Ferguson's remaining allegations, I find that Ms. Ferguson's complaint is deficient.

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A "complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

5 – OPINION AND ORDER

Ms. Ferguson's complaint does not contain a "short and plain statement of the claim[s]" entitling her to relief. Although she includes a detailed factual background of the events relevant to her case, she has not clearly indicated what specific claims she is bringing and against what defendants. Further, she names several individuals other than the Board that were never properly served.[1]

If Ms. Ferguson chooses to file an amended complaint, she must comply with the pleading standards described above. Specifically, she must provide a short and plain statement that describes what each Defendant did, when they did it, and why that action (or failure to act) violated her rights or broke the law. Additionally, she must identify the law that entitles her to relief. Each separate claim should be numbered and should clearly articulate how each named Defendant was involved. Should Ms. Ferguson choose to bring claims against individuals or entities in addition to the Board, she must serve them with her new complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules for the District of Oregon. And as mentioned above, for any tort claims against state officials she must show compliance with the required notice under the Oregon Tort Claims Act (Or. Rev. Stat. § 30.275).

## CONCLUSION

For the reasons stated herein, I GRANT the Board's Motion to Dismiss [ECF 17], and I DISMISS the complaint [ECF 1] without prejudice (except for the state law claims against the Board and individuals in their official capacities, which, as stated above, are dismissed with prejudice). Ms. Ferguson is granted leave to file an amended complaint that satisfies the requirements described above. She shall file an amended complaint, if any, by September 10,

---

[1] For instance, she makes several allegations against the Department of Homeland Security, whom she has a separate, on-going, case against raising similar allegations. *See Ferguson v. Feriborz Pakseresht, Director of DHS*, 3:20-cv-01853-SI.

6 – OPINION AND ORDER

2021. If Ms. Ferguson fails to file an amended complaint, this case will be dismissed with prejudice. Ms. Ferguson's Motion for Extension of Discovery & PTO Deadlines [ECF 23] and Motion for Leave to File Amended Complaint [ECF 24] are DENIED as moot.

IT IS SO ORDERED.

DATED this  12  day of August, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER